Chief Justice Robertson,
delivered the opinion-of the court.
William Pouter, who died in 1815, devised his estate, consisting of a few slaves and other property wholly personal, to his five children, four daughters and a son, to be equally divided among them, when the daughters should marry, or the son should attain twenty-one years of age;.until which time, he directed James Porter, his executor, to retain the estate, and account to the devisees for its annual use.
One of the daughters (Jane) having married Hamilton Jones, they instituted this suit in chancery against the executor and their co-devisees, for a settlement and .partition of the estate. James and wife both having died intestate and childless, pending the suit, it was re *34 vived in the name of Silver, who seems to have been appointed the administrator of each of them by the county court of Henderson in this state.
When the bill was filed the male devisee was not twenty-one years of age, nor had all the females married. But he having become twenty-one years old ift 1821, the county court of Jefferson, in which county, the testator died, appointed commissioners to make partition of the slaves, among the four surviving devisees; both Jones and his wife then being dead. Partition was accordingly made of the slaves devised by William Porter, as well as of other slaves devised to his children by his father, after the death of Jones and wife.
The circuit court decreed that the executor should pay to the administrator $ 181, and six per cent, thereon from the sixth of April, 1818, until payment; that being the sum ascertained to be due on the sixth of April, 1818, to Jones and wife for their interest in the personal estate which had been made available, and for the use of the slaves by the executor, after deducting $46 36 cents allowed to the executor out of his account against Mrs. Jones, and an allowance to him of five per cent, for his services as executor.
The court also appointed commissioners to allot to the defendant one fifth of the slaves devised by William Porter, and to ascertain the value of their use since the partition by the county court of Jefferson.
The commissioners ascertained that the slaves were worth $1525; and that their hire, since 1821, was worth $930, making an aggregate of $2355; and they thereupon assigned to the defendant “Sam,” estimated at $400. The circuit court confirmed their report, and supposing that $69, instead of $79, when added to $400; (the value of Sam) would make one fifth of the aggregate fund of $2355, also decreed that Watson, and Sherman (who had married three of the female devisees, the former having married one, and the latter two of them) and the male devisee, Henry Porter, should pay $69 to the administrator.
Thé executor and surviving devisees prosecute this writ of error to reverse the decrees of the circuit court. Although the slaves vested in the devisees, the circuit ■court had-jurisdiction to decree partition.
if the executor be requirr/tairfth1^ ^ves untilC the heir ar”ve3 at,ai to account for the annual use scha:rgea^ireofthe slaves. _ But he is not with^nterest on the hire, "ntil after a thehire-° unless hó made interest on jt.
The right of the defendant in error, to prosecute the suit as administrator, is contested. It is alleged, that Jones and wife died in Illinois, and that therefore, the county court of Henderson in Kentucky, had no right to grant letters of administration.
This allegation is however, without proof; and we will not presume that the county court of Henderson acted extra-judicially; but must presume that it had jurisdiction until the contrary appears.
The executor objects, that interest and1 hire were improperly charged against him. In this too, he is mistaken. The will charged him with the profits; and therefore, he should account for them. But there is error in the decree against the executor. He is charged with interest from April, 1818, on the eggregate of negro hire and money received by him. He should be charged with the hire of the slaves until their partition by the county court, but should not be charged with interest on this item, (as it is itself virtually interest) unless he hired out the.slaves and made interest upon the hire; or unless the hire had been,, demanded of him. He should he charged with interest on the-money collected iij. Maryland from the date of its collection* and with interest on the amount of the sale bill from the time it became due. This will be giving proper effect to the will, according to a just and reasonable construction of it, especially as no equitable objection has been suggestgd.
We are also inclined to the opinion, that the executor is entitled to a larger credit than $46 33 cents on his account against Mrs. Jones. As she was “sui juris” when the testator died, she was chargeable with the value of whatever she received, in clothes, boarding, or otherwise from the executor, although the amount may have exceeded the interest on her share in the estate. But as the proof on this point is somewhat loose and indefinite, and the cause will be remanded for further proceedings, this court will not attempt the adjustment of the account, but leave it open for further investigation. But, from the foregoing view, it will appear, that in some respects, the decree has been more-favorable to the executor, than it ought to have been.
The decree against the devisees, is also erroneous.
If devisees of «laves hold as “purchasers,” and the slaves are indivisible in kind, the alternate use should be apportioned among the devisees.
Benny for plaintiffs; Chittenden, for defendants,
If the slaves are indivisible in kind, the alternate-use should be apportioned among the devisees. See Coleman vs. Hutcheson, III Bibb, 209; Murphy vs. Riggs, I Mar. 534. As the devisees do not hold precisely the same interests under the will, as those which they would have held as heirs, they must be considered 'purchasers.”
If a distribution of the use cannot be effected, in consequence of the conduct of the plaintiffs in error, then a decree for the value in money, or such a decree as. that rendered by the circuit court might be proper. As however, there is no proof tending to show the impracticability of effecutating such a decree as that indicated in Coleman vs. Hutcheson, the decree which has been pronounced cannot be approved.
The devisees who have had the use of the slaves, are liable to the defendant in error for hire. The total hire, whilst they have had the use, should have been (as it was) ascertained, and one fifth of the amount should he allowed to the defendant. He is entitled to only one fifth, because, as Sherman was married to one of the devisees, whose right, during coverture, was perfect, her interest vested absolutely in him; and her co-devisees are not entitled to any portion of it, in com sequence of her death.
But each of the devisees is liable for hire, for the slave or slaves used by him or her, and not for the use by his co-devisees; and each is severally liable and nof jointly with the others, for a just proportion of whatever the defendant may be entitled to, if it shall be proper to decree to him'money, instead of a slave, or of the alternate use of all the slaves. The decree being joint for $>69, is therefore erroneous.
The suit was brought prematurely, hut as during its. pendency, Henry Porter attained twenty-one years of age, it may be prosecuted.
Wherefore, the decree against the executor, and that against the other plaintiffs in error are reversed, and the cause remanded to the eix-cuit court, for the proper-decrees to be rendered, and for such, proceedings as shall be necessary and proper for that end.